# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

|  |  |
|---|---|
| **TENAX AEROSPACE HOLDINGS, LLC** *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 3:19-cv-149-CWR-LRA<br>) |
| **ANDREW PALOWITCH,** | )<br>) |
| Defendant. | )<br>) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' COMPLAINT

Defendant Andrew Palowitch ("Defendant"), by and through his undersigned counsel, answers Plaintiffs' Complaint ("Complaint") as follows:

## PARTIES AND JURISDICTION

1. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 1 and, therefore, denies them.

2. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 and, therefore, denies them.

3. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3 and, therefore, denies them.

4. Defendant admits that he is an adult resident of Virginia residing at the address listed in Paragraph 4, but otherwise denies all allegations contained in Paragraph 4.

## JURISDICTION

5. Paragraph 5 contains legal conclusions to which no response is required. Additionally, the case has been removed to federal court since the Complaint was filed. To the extent a response is required, Defendant denies the allegations of Paragraph 5 of the Complaint.

6. Paragraph 6 contains legal conclusions to which no response is required. Additionally, the case has been removed to federal court since the Complaint was filed. To the extent a response is required, Defendant denies the allegations of Paragraph 6 of the Complaint.

## VENUE

7. Paragraph 7 contains legal conclusions to which no response is required. Additionally, the case has been removed to federal court since the Complaint was filed. To the extent a response is required, Defendant denies the allegations of Paragraph 7 of the Complaint.

## SUMMARY OF FACTS

8. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies them.

9. Defendant admits the allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant admits the allegations in Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant denies the allegations in the first sentence of Paragraph 13. Defendant admits the allegations in the second sentence of Paragraph 13.

14. Defendant states that the "Termination Agreement" was not attached to the Complaint but speaks for itself and, therefore, denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

4829-7510-2601v1
2947819-000001 03/01/2019

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

## CLAIMS

## COUNT I

*Breach of Contract*

22. Defendant incorporates by reference its answers to Paragraphs 1-21 as if stated here in full.

23. Defendant denies the allegations in Paragraph 23.

## PRAYER FOR RELIEF AD DAMNUM

24. Defendant denies the allegations in Paragraph 24

## FURTHER ANSWER

Defendant denies each and every allegation in the Complaint, whether express or implied, that Defendant has not unequivocally and expressly admitted in the Answer.

**WHEREFORE**, Defendant requests that the Court deny all relief sought by Plaintiff and award Defendant the relief set forth in the Conclusion below.

## AFFIRMATIVE DEFENSES

Defendant alleges the following separate and independent affirmative defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law. Defendant reserves the right to amend or

4829-7510-2601v1
2947819-000001 03/01/2019

supplement its affirmative defenses and assert counterclaims that may become known during the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to the extent the claims contained therein are barred by the equitable doctrines of waiver, unclean hands, and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to the extent that the remedies sought are not recoverable under applicable law.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because upon information and belief Defendant has failed to mitigate its damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive and other equitable relief are barred because Plaintiff has an adequate and complete remedy at law.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because the restrictive covenants alleged in the Complaint are unlawful and void because they are vague, ambiguous, overbroad, unreasonable, unduly burdensome, and against public policy.

4829-7510-2601v1
2947819-000001 03/01/2019

## SEVENTH AFFIRMATIVE DEFENSE

The damages claimed in the Complaint are barred to the extent that they are speculative in nature.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, because one or more of Plaintiffs lack standing.

## NINTH AFFIRMATIVE DEFENSE

An award of punitive damages would violate the Mississippi and United States constitutions.

## TENTH AFFIRMATIVE DEFENSE

Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

## CONCLUSION

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff's prayer for relief be denied in full and that Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice, or alternatively that judgment be entered in favor of Defendant;

3. That Defendant be awarded costs, attorneys' fees, and expenses to the maximum extent allowed by law; and

4. That the Court grant Defendant such other relief as may be deemed just and proper.

4829-7510-2601v1
2947819-000001 03/01/2019

Date:  March 1, 2019.

Respectfully submitted,

*s/Brooks Eason*
Brooks Eason (MS Bar No. 5286)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
One Eastover Center
100 Vision Drive, Suite 400
Jackson, MS 39211
Telephone:  601.969.4673
Facsimile:  601.351.2424
beason@bakerdonelson.com

And

Samuel E. Feigin (Motion for *pro hac vice* admission forthcoming)
Glenn D. Grant (Motion for *pro hac vice* admission forthcoming)
Christine B. Hawes (Motion for *pro hac vice* admission forthcoming)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC  20004
Telephone:  202.624.2500
Facsimile:  202.628.5116
Sfeigin@crowell.com
Ggrant@crowell.com
Chawes@crowell.com

Attorneys for Defendant Andrew Palowitch

## **CERTIFICATE OF SERVICE**

I certify that on this day the foregoing document was filed electronically with the Clerk of the Court using the Court's ECF system, which served a true and correct copy of such paper electronically on all counsel of record.

Dated: March 1, 2019.

*s/Brooks Eason*
BROOKS EASON

4829-7510-2601v1
2947819-000001 03/01/2019